THE COMPANY FOR ERECTING AND SUPPORTING A TOLL-BRIDGE FROM NEW HAVEN TO EAST HAVEN *vs.* JAMES LANGRELL AND OTHERS.

The plaintiffs owned a toll-bridge, under a charter which provided that they should maintain in good repair a suitable draw at some convenient place sufficient to admit the free and easy passage of vessels. The defendants' vessel, in passing through, was, by their negligence, allowed to run against and knock off the corner of one of the piers supporting the bridge. Held in a suit by the bridge company for the damage, that the plaintiffs were not to be regarded as contributing to the injury by reason of the fact, which was found, that if the pier had been protected by piles the damage would have been lessened or prevented.

The plaintiffs were bound only to use ordinary care in protecting the pier, and a finding that piles would have prevented the injury could not be regarded as equivalent to a finding that ordinary care required the plaintiffs to maintain them.

TRESPASS on the case; brought to the Court of Common Pleas of New Haven County, and tried to the court on the general issue, before *Stoddard, J.* Facts found, and judgment rendered for the plaintiffs. Motion for a new trial by the defendants. The case is sufficiently stated in the opinion.

*J. W. Alling,* in support of the motion.

*G. H. Watrous,* contra.

PARDEE, J. On the fifth day of April, 1876, the plaintiffs owned a toll-bridge spanning the Quinnipiac River, by virtue of a charter which required them to maintain "in good repair a suitable and convenient draw, at some convenient place in the channel of said river, sufficient to admit the free and easy passage of all vessels (whether navigated by sails or steam) that may have occasion to pass and re-pass through the same." On that day C. B. Flowers, one of the defendants, as captain, attempted to sail a schooner, of which the other defendants were owners, through the draw-way, and the vessel ran against and knocked off a portion of the corner of one of the piers supporting the bridge. The plaintiffs brought an action for this injury to the Court of Common Pleas for New Haven County and recovered a judgment. The defendants filed a motion for a new trial, because of the alleged error of the court in overruling their claim, that "it did not appear that the plaintiffs were free from negligence materially contributing to the injury, because of not having at the time of the accident piles or some other protection around the piers where the collision took place."

It is found that the pier was of stone, laid without cement, having iron straps upon the corners, and that piles once stood at these corners, but that there had been none during the last twenty-five years. It is also found that "by reason of the carelessness and negligence of those in charge of the schooner

Toll Bridge Co. *v.* Langrell.

she struck the east pier of the plaintiffs' bridge and did the damage complained of." The force of this is not broken because it is also found that if the pier had "been protected by piles driven at the east end at the time of the accident the defendants' schooner would have struck the piles instead of the pier, in all probability, and the damage would have been lessened or prevented." For while it may have been possible, by the expenditure of sufficient money, for the plaintiffs to have set defences about the pier of such strength as to have enabled it to withstand the force of any vessel sailing in those waters, yet as against these defendants this duty did not rest upon them, either upon principles of law or by virtue of the paragraph quoted from the charter. There could only be required of them that degree of care which men of ordinary prudence and discretion would exercise in the erection and maintenance of such structures; and to find merely that piles would have prevented the injury is not to find as a fact that ordinary care required the plaintiffs to maintain them. And, as the charge of negligence is made to rest upon the omission to drive piles, the effect of the finding in this respect is that the plaintiffs did not contribute to the injury by leaving undone any act required of them by ordinary and reasonable care and prudence.

If we assume it to be a question of law upon the facts, all we know is that during twenty-five years the unprotected pier sustained a "suitable and convenient draw," leaving a "free and easy passage" for vessels, neither causing nor receiving injury, until at last it yielded to the force of a vessel driven against it. From such premises we are unable to declare as a conclusion of law that to leave piers unprotected by piles constitutes a want of ordinary care at all times and under all circumstances.

A new trial is not advised.

In this opinion the other judges concurred.